UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAPLES 9, LLC, a Florida limited liability
company,

        Plaintiff,

-vs-                  Case No.  2:11-cv-273-FtM-29DNF

EVERBANK,

        Defendant.
_____

## ORDER

  This matter comes before the Court on Federal Deposit Insurance Corporation, as Receiver for Bank of Florida-Southwest's, Motion to Intervene (Doc. #8) filed on May 10, 2011.

  The FDIC was appointed to serve as the receiver for the failed Bank of Florida - Southwest. After appointment, the FDIC quickly entered into a Purchase and Assumption Agreement with the Defendant EverBank, in which EverBank acquired many, but not all, of the failed bank's assets and liabilities.  Under the Purchase and Assumption Agreement between the FDIC and EverBank, EverBank had the option within ninety (90) days to assume the leases held by the failed Bank of Florida - Southwest.  These leases are the subject of the main suit between the current Plaintiff and Defendant EverBank.  The Proposed Intervenor's motion, indicates that the leases were only under the control of EverBank in a vested option to assume the rights and obligations to the properties, and not actual control. The Proposed Intervenor, the Federal Deposit Insurance Corporation (FDIC), now moves the Court to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil

Procedure. Under Fed. R. Civ. P. 24(a), a party has a right to intervene if the applicant has a claim or interest in the case.

Intervention as of right under Rule 24(a)(2) must be granted when four requirements are met: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit. Fox v Tyson Foods, Inc., 519 F. 3d 1298, 1302-1303 (11th Cir. 2008); Sierra Club, Inc. v. Leavitt, 488 F. 3d 904, 910 (11th Cir. 2007); TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002).

### *(1) Timeliness of the Motion to Intervene*

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally, Courts consider four factors in making a determination of timeliness: (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. In re CP Ships Ltd., Securities Litigation, 2008 WL 2473684 * 2 (M.D. Fla. June 19, 2008) (citing Campbell

v. Hail-Mark Elecs. Corp., 808 F.2d 775, 777 (11th Cir.1987)); *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook 2011, Pt. III 703 (West 2011) (a brief but thorough discussion with relevant citations of law regarding timing issues under Rule 24).

This Court finds the motion to intervene to be timely. No trial date has been set and the proposed intervener, FDIC, intends to follow the same schedule the current parties in the case have agreed upon. Allowing intervention at this point in time would not prejudice the Plaintiff's case.

*(2) Whether the Intervenors have an Interest in the Case*

The Supreme Court of the United States has defined "interest" under Rule 24 as a "significantly protectable interest." Danner Construction Company v. Hillsborough County, 2009 WL 2525486 * 3 (M.D. Fla. August 17, 2009) (citing Donaldson v. U.S., 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971)); TIG Specialty Ins. Co., 208 F.R.D. 336, 337-338 (M.D. Fla. 2002). In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding." TIG Specialty Ins. Co., 208 F.R.D. at 337-338 (citing Worlds v. Dept. of Health and Rehabilitative Services, 929 F.2d 591, 594 (11th Cir.1991) (quoting Athens Lumber Co. v. Fed. Election Commission, 690 F.2d 1364, 1366 (11th Cir.1982)); In re CP Ships Ltd., Securities Litigation, 2008 WL 2473684 at * 2 (citing Georgia v. U.S. Army Corps of Engineers, 302 F. 3d 1242, 1249 (11th Cir. 2002). Thus, a legally protectable interest is something more than an economic interest; rather the law requires that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant." Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc., 425 F. 3d 1308, 1311 (11th Cir. 2005).

This Court finds that FDIC does have a valid interest in the subject of the action. Any holding against the current Defendant, EverBank, would lead to a determination that FDIC is/was liable. Although a determination against the current Plaintiff would lead to an economic interest, which alone would not satisfy the legally protectable interest standard, FDIC also has an interest in their ability to govern contractual relationships and protection of their rights in the proper application of contracts (such as the Purchase and Assumption Agreement between FDIC and EverBank).

### *(3)  Whether the Disposition of the Action will Impede or Impair the Intervenors Ability to Protect Their Interest*

The FDIC asserts their interest in the ability to govern their contractual relationships would be impaired if intervention is denied. This Court agrees that a determination against the current Plaintiff, EverBank, without FDIC's intervention, would result in an impairment of FDIC's ability to protect their interest. After assuming the obligations of a failed bank by being appointed as receiver, the FDIC must negotiate and consummate a purchase and assumption agreement in a short amount of time. The process of negotiation and consummating occurs quickly, and usually takes place overnight. If the FDIC is not able to protect contracts such as the Purchase and Assumption Agreement between itself and future banks, such future banks would be less willing to enter into new agreements similar to the Purchase and Assumption Agreement in the short period of time necessary.

### *(4) Whether the Intervenors' Interest is being Adequately Protected by Existing Parties*

The Supreme Court has held that the inadequate representation requirement of Rule 24(a)(2) "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." <u>Danner Construction Co., Inc. v. Hillsborough County</u>, 2009 WL, 2525486 *4 (M.D. Fla. August 17, 2009).

(citing <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L. Ed.2d 686 (1972)).

The Court finds that the FDIC has satisfied this inadequacy requirement. While EverBank might adequately represent the final goal of both potential Defendants, only the FDIC themselves can adequately represent their vested interest in preventing future agreements, such as the Purchase and Assumption Agreement, from becoming unenforceable.

*Conclusion*

Given the critical interest in the outcome of the issues in this suit to the Federal Deposit Insurance Corporation, this court finds that in order to properly protect its right and interests intervention is necessary.

Accordingly, it is now

**ORDERED:**

Federal Deposit Insurance Corporation, as Receiver for Bank of Florida-Southwest's, Motion to Intervene (Doc. #8) is **GRANTED**. The Clerk of the Court is hereby directed to file the answer attached to the Motion to Intervene (Doc. #8).

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record