**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

NAPLES 9, LLC, a Florida limited liability
company,

                      Plaintiff,

-vs-                                            Case No.  2:11-cv-273-FtM-29SPC

EVERBANK,

                      Defendant.
_____

## ORDER

       This matter comes before the Court on Plaintiff's Motion to Amend Amended Complaint (Doc. # 24) filed on May 27, 2011. Plaintiff moves for leave to file an amended complaint to include amendments of Plaintiff's general allegations and causes of action in order to conform to newly discovered information. As grounds, Plaintiff states the new information will "correctly allege the facts and circumstances underlying Plaintiff's claims, so that the issues may be properly joined before this Court." Also, Plaintiff states "the facts at issue fundamentally affect those rights as to which Plaintiff seeks a declaration." Defendant filed a Response in Opposition to Plaintiff's Motion to Amend Amended Complaint (Doc. # 25) on June 2, 2011. Subsequently, Plaintiff filed a Motion for Leave to File Reply to Defendant's Response (Doc. # 26) on June 3, 2011.

       Under rule 15(a), a party may amend the party's pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in

order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).  However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999).  Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984).  As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

     Plaintiff states that its motion is not motivated by bad faith or delay, but that the motion is necessary because the facts at issue fundamentally affect those rights as to which Plaintiff seeks a declaration. Thus, the proposed Second Amended Complaint will permit consideration of the cause on its merits. Plaintiff also suggests that the identity of the named tenant in the lease agreements described in the pleadings is erroneous. As it is within the discretion of this Court, good cause is found to allow the Plaintiff to amend the Complaint as requested. Accordingly, the Court will allow Plaintiff's requested leave to amend the Amended Complaint, and will direct the Clerk to docket the attached proposed Second Amended Complaint.

The Plaintiff filed a Motion for Leave to Reply to Defendant EverBank's Response (Doc. # 26) on June 3, 2011. Since the Court finds good cause to grant the Amended Complaint, the Motion for Leave is now moot. Defendant filed its Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. # 17) on May 19, 2011, which is denied as moot, as a result of Plaintiff's filing of its Second Amended Complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Amend Amended Complaint (Doc. # 24) is **GRANTED**.

2. Plaintiff's Motion for Leave to file Reply to Defendant's Response (Doc. # 26) is **DENIED**.

3. Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. # 17) is **DENIED** as Moot.

4. The Clerk is directed to file the Plaintiff's Second Amended Complaint attached as a separate docket entry.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of June, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record